Ryan L. Gentile, Esq.
Law Offices of Gus Michael Farinella, PC
110 Jericho Turnpike – Suite 100
Floral Park, NY 11001
Tel: 201-873-7675
Attorney for Plaintiff, Roxana Villamizar,
on behalf of herself and all others similarly situated

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------X
ROXANA VILLAMIZAR,
on behalf of herself and all others similarly situated

    Plaintiffs,

  v.

GLOBAL CREDIT & COLLECTION CORP

    Defendant.
---------------------------------------------------------X

**CLASS ACTION COMPLAINT**

Plaintiff, by and through her counsel, Ryan Gentile, Esq., as and for her complaint against the Defendant, on behalf of herself and pursuant to Rule 23 of the Federal Rules of Civil Procedure, all others similarly situated alleges as follows.

## INTRODUCTION

1. Plaintiff, on her own behalf and on behalf of the class she seeks to represent, brings this action to secure redress for the illegal practices of the Defendant Global Credit & Collection Corp. ("Global") who used deceptive, misleading, and other illegal practices, in connection with their attempts to collect alleged debts from the Plaintiff

1

and others. Plaintiff alleges that Global's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA")

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements, in connection with the collection of a debt and requires certain disclosures. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of one violation. The Third Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." Graziano v. Harrison, 950 F.2d 107, 111, fn5 (3d Cir. 1991)

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 15 U.S.C. §1692k(d) (FDCPA).

5. Venue and personal jurisdiction in this District are proper because:
   a. Defendant does business within this District;
   b. The acts giving rise to this lawsuit occurred within this district.

## PARTIES

6. Plaintiff, Roxana Villamizar, is an individual natural person who resides in the City of Linden, County of Union, State of New Jersey.

7. Plaintiff is a "consumer" as defined by the 15 U.S.C. §1692a(3).

8. Defendant, Global, at all times relevant hereto, is and was a Corporation regularly engaged in the business of collecting debts within this state with its principal place of business located at 2699 Lee Road Suite 330 Winter Park, FL 32789.

9. The principal purpose of Global is the collection of debts using the mail and telephone.

10. Global regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

11. Global is a debt collector as that term is defined by 15 U.S.C. §1692a(6).

## FACTS

12. Global sent the Plaintiff a letter dated June 17, 2014 in an attempt to collect an alleged debt originally owed to Citibank, N.A. The Balance disclosed in the letter as being owed by the Plaintiff was $1,402.78. Annexed and attached hereto as **Exhibit A** is a copy of the June 17, 2014 letter.

13. On or about July 17, 2014 the Plaintiff received a letter from Global showing a balance of $1,440.86. Upon information and belief the change in the amount of the debt from the June 17, 2014 letter to the July 17, 2014 letter was because of interest that had accumulated on the debt. Annexed and attached hereto as **Exhibit B** is a copy of the July 17, 2014 letter from Global.

14. **Exhibit A** was the initial collection "communication" with the consumer as "communication" is defined by the FDCPA.

15. **Exhibit A**, is a standard form document.

16. Documents in the form represented by **Exhibit A** are regularly sent to collect delinquent debts.

17. In sending the letter attached as **Exhibit A,** Global sought to collect a debt incurred for personal, family or household purposes, namely fees emanating from a personal credit account original owed to Citibank, N.A.

18. The letter attached as **Exhibit A** is a "communication" as that term is defined by 15 U.S.C. §1692a(2).

## CLAIM FOR RELIEF

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. In sending the letter attached as **Exhibit A** Global violated 15 U.S.C. §§1692, §1692(e)(2), (e)(10) and §1692g(a)(1).

21. Section 1692e provides:

**§1692e.         False or Misleading Representations**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of --

    (A) the character, amount, or legal status of any debt;

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

22. Section 15 USC 1692g provides**:**

**§1692g         Validation of debts**

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --

    (1) the amount of the debt

4

23. Global violated §1692g(a)(1) by asserting flatly in **Exhibit A**, which was the notice required by §1692g, that the Amount Due was a sum certain and failing to inform Plaintiff in its initial communication that the amount of the debt would increase due to interest. The assertion was untrue and known to be untrue since Global was hired to collect a balance on behalf of Citibank, N.A. that it knew would increase by the amount of interest accrued.

24. Nondisclosure of the amount of the debt, where the debt will increase over the course of the collection, is a well recognized violation. Miller v. McCalla, Raymer, Patrick, Cobb, Nichols & Clark, LLC, 214 F.3d 872 (7th Cir. 2000).

25. Global not only failed to accurately disclose the amount of the debt it was collecting as mandated by §1692g(a)(1), but simultaneously misrepresented its character (as fixed) and its legal status (not disclosing that it was continuing to accrue interest) in violation of §1692(e)(2)(A) and (10).

26. Courts in this district have recognized that an initial communication validation notice, like the one attached as **Exhibit A**, violates the FDCPA unless it states the total amount due as of the date the letter is sent and also discloses whether the amount of the debt will increase because of interest accruing on the unpaid principal. Marucci v. Cawley & Bergmann, LLP, 2014 U.S. Dist. LEXIS 172852, at *17 (D.N.J. Dec. 15, 2014) and Smith v. Lyons, Doughty & Veldhuius, P.C., No. 07-5139, 2008 WL 2885887, at *6 (D.N.J. July 23, 2008).

27. The impact of these letters is to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

5

28. Global is liable to the plaintiff for statutory damages pursuant to 15 U.S.C. §1692k because of the FDCPA violation.

## CLASS ALLEGATIONS

29. Plaintiff brings this action on behalf of a class, pursuant to Federal Rules of Civil Procedure Rule 23(a) and 23(b)(3).

30. The class consists of (a) all consumers (b) with a New Jersey address (c) who were sent collection letters and/or notices from Global in substantially the same form of **Exhibit A** (d) which was not returned by the post office as undeliverable (e) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action where (f) the amount owed was actually increasing because of interest accrued.

31. The class is so numerous that joinder of all members is not practicable. On information and belief, there are at least 40 members of the class. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundred of persons.

32. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common question is: (1) whether sending letters in the form of **Exhibit A** violates sections "e" and/or "g" of the FDCPA.

33. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

34. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in consumer litigation.

35. A class action is superior for the fair and efficient adjudication of this matter, in that:

   c. Individual actions are not economically feasible;

   d. Members of the class are likely to be unaware of their rights;

   e. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

1. An award of the statutory damages for Roxana Villamizar and the Plaintiff Class pursuant to 15 U.S.C. §1692k;

2. Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C. §1692k; and

3. Such other and further relief as the Court deems proper.

### CERTIFICATION PURSUANT TO LOCAL RULE 11.2

  Pursuant to Local Rule 11.2, I certify that this matter in controversy is not the subject of any other action pending in any court, arbitration or administrating proceeding.

Dated: Floral Park, NY
   June 17, 2015

         The Law Offices of Gus Michael Farinella, PC

          /s/ Ryan Gentile
       By:_____
         Ryan Gentile (RG0835)
         Attorney for Plaintiff
         110 Jericho Turnpike – Suite 100
         Floral Park, NY 11001
         Tel: (201) 873-7675
         Fax: (212) 675-4367
         rlg@lawgmf.com

## **NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

                            The Law Offices of Gus Michael Farinella, PC
                                 /s/ Ryan Gentile
           By:_____
                                Ryan Gentile